**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GEORGINA LEE THOMPSON,

     Plaintiff,

v.                                Case No: 8:15-cv-2151-T-30EAJ

BEFORE YOU HIRE, INC.,

     Defendant.

_____

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss or, Alternatively, Motion for More Definite Statement (Dkt. 9) and Plaintiff's Response (Dkt. 13). The Court has reviewed the pleadings and the applicable law and concludes, for the reasons discussed below, that the motion should be denied.

## FACTUAL BACKGROUND

According to her amended complaint, in 2013 Plaintiff Thompson applied with Barium Springs Home for Children to become a foster parent. (Dkt. 5, p. 3). Barium Springs, Thompson alleges, contracts with Defendant Before You Hire, Inc., which is a consumer reporting agency that provides for its clients consumer reports and background investigation services. (Id. at 1-2). Thompson further alleges that, after she applied to become a foster parent, Before You Hire reported to Barium Springs false information— namely, that Thompson has a criminal history in Florida that includes a conviction for

aggravated assault—and, as a result, Thompson's application to become a foster parent was denied.

Thompson filed this federal lawsuit alleging violations for the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x. Before You Hire now moves to dismiss the complaint for failure to state a claim on which relief can be granted. Before You Hire argues, first, that the information it supplied to Barium Springs was not for employment purposes and therefore was not a "consumer report" governed by the FCRA; alternatively, Before You Hire argues that, if the information was a consumer report, it was a report done for an employer in compliance with state law and thus qualifies as an FCRA consumer report exclusion. *See* 15 U.S.C. § 1681a(y).

As will be explained below, both arguments miss the mark.

## DISCUSSION

### I.    Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). "[T]hey must be supported by factual allegations." *Id.*

In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines,*

*Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## II.     "Consumer Report" under the FCRA

The FCRA largely applies to consumer reports, and the law defines the term as

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for

> (A) credit or insurance to be used primarily for personal, family or household purposes; [or]

> (B) employment purposes . . . .

15 U.S.C. §1681a. In its motion, Before You Hire zeroes in on "employment purposes," arguing that becoming a foster parent does not qualify as employment, which necessarily means that the information it supplied to Barium Springs was not for employment purposes. *See* Dkt. 9, p. 7 (citing 42 U.S.C. § 675(4)(A), which defines "foster care *maintenance* payments") (emphasis added). Without the benefit of specific briefing on the issue, the Court is inclined to agree that foster parenting is not employment.

But that does not end the inquiry. As the Eleventh Circuit has determined, the Court must not only look to the ultimate purpose the "communication of information" was used

for, but also to any purposes the communication of information "was expected to be used or collected for." *Yang v. Gov't Emp.'s Ins. Co.*, 146 F.3d 1320, 1323 (11th Cir. 1989). In *Yang*, the Eleventh Circuit confronted the same question this Court now must: the meaning of "consumer report" in the FCRA. *Id.* at 1322. There, the district court had granted summary judgment in favor of defendant GEICO Insurance upon a finding that a report containing the plaintiff's biographical and employment information, which GEICO obtained from an Equifax database, was not a consumer report as defined by the FCRA. *Id.* at 1321. The district court had relied on the fact that GEICO ultimately used the information to evaluate the plaintiff's accident insurance claim, which is not one of the listed purposes contained in the definition of consumer report. *See id.* at 1324.

The Eleventh Circuit reversed. The court first found that the "Purpose Clause" of the FCRA contains three distinct concepts: (1) the ultimate use to which the recipient of the information puts it; (2) the purpose to which the supplier of the information, there Equifax, "expected [it] to be used"; and (3) the purpose for which the supplier collected the information. *Id.* (quoting 15 U.S.C. §1681a); *accord Heath v. Credit Bureau of Sheridan, Inc.*, 618 F.2d 693, 696 (10th Cir. 1980).

The court then found that the reports like the one Equifax supplied to GEICO, according to the credit reporting agency's own internal guide, are "report[s] that contain[] . . . the consumer's identification information and a listing of credit inquiries on their file" and are maintained for the benefit of "collection agencies, personal finance companies, [and] financial institutions." *Id.* at 1322. By these admissions, the court concluded, Equifax expected the reports at issue to be used for one of the enumerated purposes outlined in the

4

FCRA, namely evaluating credit worthiness. *Id.* at 1324. That expected purpose was sufficient to bring the claim within the definition of consumer report and therefore the ambit of the FCRA. The court remanded the case.

The Eleventh Circuit's *Yang* opinion is controlling and on point. Here, Thompson alleges that she was denied "employment" as a foster parent because of the inaccurate information supplied by Before You Hire. At this stage of the case (if indeed at any stage), the Court need not decide whether foster parenting qualifies as employment; instead, the Court needs only to decide whether it is plausible on the face of Thompson's complaint that Before You Hire collected information on Thompson for employment-related purposes or expected that information to be used for such purposes. *See Ashcroft*, 556 U.S. at 678; *Yang*, 146 F.3d at 325-26. Having reviewed the complaint, and noting Defendant's very name—"Before You Hire"—and mission statement as cited in Thompson's response to the motion (Dkt. 13, p. 5), the Court concludes that Thompson has met this burden.

### III.   Consumer Report Exclusions

The FCRA excludes from its definition of a consumer report a "communication [] made to an employer in connection with an investigation of -- (i) suspected misconduct relating to employment; or (ii) compliance with Federal, State, or local laws and regulations, the rules of a self-regulatory organization, or any pre-existing written policies of the employer." In its motion, Before You Hire highlights the fact that Barium Springs was required by state law to conduct a background investigation before it could approve Thompson as a foster parent. If the Court accepts Thompson's assertion that she sought "employment" as a foster parent, Before You Hire argues, then Barium Springs, her

5

"employer," was required by state law to gather the information Before You Hire provided, in which case that information is excluded from the definition of consumer report.

But as the Court has explained, it does not need to accept Thompson's position on "employment purposes," and indeed has not accepted it, to conclude that the information provided by Before You Hire meets the definition of "consumer report" under the FCRA. In any event, Before You Hire's argument lies on a faulty premise: that an entity that is being supplied information on a person for employment purposes is *a fortiori* that person's employer. *Yang* tells us otherwise. There, Equifax expected that the information it supplied to GEICO would be used for credit purposes; GEICO nonetheless remained an insurance company. Furthermore, although the FCRA does not define either term, "employment purposes" under section 1681a of the Act and "employer" under section 1681y, by one of the most basic and time-honored rules of statutory interpretation, are different things with different meanings. *Williams v. Taylor*, 529 U.S. 420, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000) ("We give the words of a statute their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import.") (internal quotation marks and citations omitted).

At this stage of the case, based on the facts alleged in the complaint, two conclusions are plausible: (1) that Before You Hire collected information bearing on Thompson's character with the expectation that the information would be used for employment purposes; and (2) that Barium Springs was not in fact Thompson's employer. And this conclusion means that Before You Hire's motion must be denied. *See Ashcroft*, 556 U.S. at 678.

6

It is ORDERED AND ADJUDGED that:

1.    Defendant Before You Hire, Inc.'s Motion to Dismiss or, Alternatively,

Motion for More Definite Statement (Dkt. 9) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of January, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record